*E-Filed 12/12/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE CRUMP,<br><br>    Petitioner,<br><br>  v.<br><br>CHARLES PLUMMER,<br><br>    Respondent.<br>_____/ | No. C 11-4920 RS (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

## INTRODUCTION

This appears to be a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Petitioner filed a first, and now has filed a second petition. The second petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The $5.00 filing fee for habeas corpus actions has been paid.

## BACKGROUND

It is unclear from the petition the current state of petitioner's convictions. At different points, petitioner indicates that he has been convicted, that his trial ended in a mistrial, that he was retried, or is facing retrial. Petitioner must clear up these ambiguities in his amended

petition.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

It is unclear whether petitioner wishes to challenge the constitutional validity of his conviction, or bring suit against the police for violating his rights, or both. Petitioner may not do both in the same action, and must make it clear which legal course he means to take by filing this action. Accordingly, the petition is DISMISSED WITH LEAVE TO AMEND. As to his civil rights allegations, petitioner is reminded that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). A claim for damages bearing on that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* at 487. **For petitioner, this means that if his convictions are currently valid, he is barred from pursuing a civil rights action against any state actor for actions whose unlawfulness would render his convictions or sentences invalid.** Petitioner is also reminded that the filing fee for a civil rights action is $350.00, and that if he

intends the instant action to be a civil rights suit, the Court likely will dismiss the instant action with leave to refile the action as a civil rights suit.

Petitioner shall file an amended petition addressing the concerns detailed above within 30 days from the date this order is filed. The amended petition must include the caption and civil case number used in this order (11-4920 RS (PR)) and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, petitioner must include in his first amended petition all the claims he wishes to present. Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: December 12, 2011

RICHARD SEEBORG
United States District Judge