*E-Filed 12/28/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVE CRUMP,   No. C 11-4920 RS (PR)

    Petitioner,   **ORDER OF DISMISSAL**

  v.

CHARLES PLUMMER,

    Respondent.
_____/

    This federal action was filed as a petition for writ of habeas corpus because it appeared to be a challenge to the lawfulness or duration of petitioner's incarceration. Upon further review, it was unclear whether petitioner was challenging the legality or duration of his confinement, or, rather, was bringing a civil rights actions against government officials. The Court, accordingly, dismissed the petition with leave to amend. A review of the amended petition shows that petitioner sets forth claims of malicious prosecution, false arrest, retaliation, and improper withholding of personal property arising from his detention and trial on charges of which it appears he was acquitted, rather than challenging the lawfulness of his confinement. Therefore, if petitioner prevails here it will not affect the length of his incarceration on the new charges under which he is currently detained. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of

confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. If petitioner wishes to challenge the lawfulness of his detention under the new charges he faces currently, he may file a new petition for writ of habeas corpus. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: December 27, 2011

RICHARD SEEBORG
United States District Judge