*E-Filed 12/28/11*

UNITED SATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVE CRUMP,

        Petitioner,

    v.

CHARLES PLUMMER,

        Respondent.

                                  /

No. C 11-4920 RS (PR)

**ORDER DENYING MOTION TO REOPEN ACTION**

This is a closed federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The action was dismissed, and judgment entered in favor of respondent, because the petition appeared to be in truth a civil rights complaint.

Petitioner now has filed an amended petition, which makes it clear that he is challenging his pre-trial detention on state charges of making terrorist threats and identity theft. Petitioner asks for the Court to order his immediate release on grounds of malicious prosecution, false arrest, and retaliation. The Court construes the amended petition as containing a motion to reopen the action. So construed, it is DENIED on grounds of abstention.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent

extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971).  More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions."  *Younger*, 401 U.S. at 46, 53–54.  *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all of the elements of *Younger* are present.  Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings.  As to the first *Younger* element, the record demonstrates that petitioner's state court proceedings are ongoing.  As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44).  As to the third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his constitutional claims in state court.  Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*.  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).  Thus, *Younger* abstention is applicable here.

When *Younger* applies, and the party seeks injunctive relief, as petitioner does here by asking the Court to order his immediate release, federal courts should dismiss the action in its entirety.  *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976).  Accordingly, petitioner's motion to reopen the action is DENIED on grounds of abstention.

**IT IS SO ORDERED**.

DATED:  December 28, 2011

_____
RICHARD SEEBORG
United States District Judge